UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RON TURNER,

        Plaintiff,

vs.

CLARK COUNTY SCHOOL DISTRICT, *et al.*,

        Defendants.

Case No. 2:07-cv-00101-JCM-GWF

**FINDINGS & RECOMMENDATION**

**Motion for Sanctions - #57**

        This matter is before the Court on Defendants' Motion for Sanctions Pursuant to Rule 37(b)(2) for Failure to Comply with a Discovery Order (#57), filed on June 10, 2008; Plaintiff's Opposition to Motion for Sanctions (#58), filed June 30, 2008; and Defendants' Reply in Support of Motion for Sanctions (#59), filed July 14, 2008. The Court conducted a hearing in this matter on August 7, 2008.

## BACKGROUND

        Plaintiff Ron Turner filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on January 25, 2007 in which he alleges that while employed as a teacher by Defendant Clark County School District, he was harassed, retaliated against, suspended and transferred because he spoke out about matters of public concern when he publically objected to discriminatory actions by his employer. *Complaint (#1)*. Plaintiff's action stems from a school play that he wrote, produced and directed for Black History Month. The Defendants allegedly objected to the content of the play and instructed Plaintiff to change it. Plaintiff alleges that he exercised his constitutional right of free speech by speaking to the news media about the controversy. The Defendants allegedly ordered Plaintiff to tell them what he had told the news media, and when he refused, the Defendants responded by giving him a five day suspension, an admonition and a notice of potential non-reemployment. *Complaint (#1)*, ¶¶ I-IV. Plaintiff alleges

that as a proximate result of Defendants' wrongful acts, he suffered physical injuries, emotional distress and financial loss.  His complaint seeks injunctive relief, compensatory damages of $300,000, punitive damages and an award of attorney's fees and costs of suit.  *Complaint (#1)*.

On April 7, 2008, Defendants filed a Motion to Compel Responses to Requests for Production of Documents and Interrogatories (#45) in which they argued that Plaintiff had failed to provide adequate responses to Defendants' requests for documents and information relating to Plaintiff's medical history and treatment and information regarding his income and efforts to find employment after he left Defendant's employment.  At the May 14, 2008 hearing on Defendants' motion to compel, Defendants' counsel stated that he had received a packet of Veterans Administration medical records from the Plaintiff's counsel, but had not received other medical records or information regarding medical providers that Plaintiff has seen.  In addition, Plaintiff did not provide requested tax returns or authorizations for release of tax returns, or adequate information to identify his subsequent employers or prospective employers so that Defendants could subpoena records to evaluate Plaintiff's claim for back pay or loss of income.  In response to Defendants' argument, Plaintiff's counsel stated that he would not oppose an order striking Plaintiff's claim for loss of income or his claim for emotional distress damages.  The Court granted Defendants' motion to compel and ordered that Plaintiff serve supplemental answers to interrogatories and responses to requests for production relating to his claim for back pay/loss of income and his claim for damages relating to any physical injury or emotional distress.  The Court advised the parties that if Plaintiff stipulated an order dismissing his damage claims for loss of income and physical injury/emotional distress, then further discovery responses regarding these matters would be unnecessary.  *See Minutes of Proceedings (#53)*.

Following the May 14, 2008 hearing, the parties did not enter into a stipulation and order regarding the dismissal of Plaintiff's damage claims for loss of income and physical injury/emotional distress.  Plaintiff also failed to comply with the Court's order which required him to provide additional medical records, identify his other medical providers and to supplement his discovery responses by providing tax returns or other information relating to his income and efforts to obtain other employment.  While Plaintiff did provide a list of entities to whom he had allegedly applied for employment, he did not provide any addresses for those entities.  Based on the foregoing, the Court

stated at the August 7, 2008 hearing that Plaintiff had not complied with the Court's order directing him to provide sufficient supplemental discovery responses.

In response to the Court's statement, Plaintiff's counsel again stated that he would stipulate to waive Plaintiff's damage claims for emotional distress and loss of income, but wishes to preserve Plaintiff's request for reinstatement of employment if appropriate. Plaintiff's counsel, however, did not specifically stipulate to an order finding that Plaintiff had not complied with the Court's May 14, 2008 order, but only conceded that dismissal of Plaintiff's claim for back pay and emotional distress is the appropriate sanction if the Court concludes that Plaintiff has failed to comply with the discovery order and that an award of sanctions is appropriate.

**DISCUSSION**

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides that the court may impose sanctions upon a party who fails to obey an order to provide or permit discovery. The sanctions may include an order prohibiting the disobedient party from supporting or opposing designated claims or defenses or from introducing designated matters into evidence or an order dismissing the action or proceeding in whole or in part. Fed.R.Civ.Pro. 37(b)(2)(A) (ii) and (iii). Before the severe sanction of dismissal may be imposed, the court is required to weigh five factors: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henry v. Gill Industries*, 983 F.2d 943, 948 (9th Cir. 1993). For dismissal to be proper, the conduct to be sanctioned must also be due to willfulness, fault or bad faith by the disobedient party. Disobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith or fault. *Id.*

In this case, Plaintiff has failed to comply with the Court's order that he supplement his discovery requests by producing documents or providing sufficient information regarding his damage claims for physical injuries/emotional distress and loss of income. Plaintiff has not provided an explanation or excuse for his failure to comply with the Court's order, other than to state that Defendants' interrogatories did not require him to provide the addresses of his subsequent employers or prospective employers. The "Definitions and Instructions" section of Defendants' First Set of

Interrogatories, however, states that where the term "identify" is used as to a person, the interrogatory requests the name, address and telephone number of that person, or other information sufficient to enable the parties to serve a subpoena. *See Reply (#59), Exhibit* "1." Such an instruction or request is a reasonable requirement and is consistent with a parties' disclosure obligations under Rule 26(a)(1). Plaintiff's supplemental answer to Interrogatory No. 6 listed numerous school districts around the country to whom Plaintiff allegedly applied for employment. The supplemental answer does not provide addresses or phone numbers for any of the districts. *See Motion for Sanctions (#57), Exhibit "1."* Although Defendants could arguably obtain this information through their own efforts, they should not be required to do so where such information is in the possession, custody or control of the Plaintiff who could provide such information to support his damage claims in this case. Plaintiff has also not provided adequate information regarding his income since the termination of his employment with Defendant. In addition, Plaintiff has failed to provide information regarding medical treatment or the identifies of his medical providers other than the Veterans Administration, although it is undisputed that he has obtained relevant medical treatment and services from other providers. Plaintiff's failure to comply with the Court's discovery order therefore constitutes willfulness, fault or bad faith on his part.

      Plaintiff's failure to obey the Court's order also causes prejudice to Defendants' ability to conduct discovery and prepare a defense to Plaintiff's damage claims for physical injury/emotional distress and loss of income. To rectify the prejudice caused by Plaintiff's failure to comply with the discovery order, the Court would be required to grant a further extension of the discovery and other pretrial deadlines which is contrary to public interest in the expeditious resolution of litigation and the court's need to manage its dockets. These factors, therefore, generally support imposition of severe sanctions under Fed.R.Civ.Pro. 37(b)(2)(A) (ii) and (iii) and *Henry v. Gill Industries, supra.* Arguably, the Court could impose less severe sanctions which would still require Plaintiff to comply with the Court's discovery order. Plaintiff's counsel has proposed and stipulated on the record, however, that dismissal of Plaintiff's damage claims for physical injuries/emotional distress or loss of income is the appropriate sanction if the Court concludes, as it does, that Plaintiff has violated the discovery order and that sanctions are warranted. The Court infers that Plaintiff prefers to abandon his damage claims rather than face other sanctions which would still require him to respond to the discovery requests.

## CONCLUSION

The Court therefore finds and concludes that Plaintiff has willfully failed to obey the Court's discovery order requiring him to fully and adequately respond to Defendants' requests for production of documents and interrogatories and that sanctions under Fed.R.Civ.Pro. 37(b)(2)(A) are appropriate. Based on Plaintiff's proposal and stipulation on the record that dismissal of Plaintiff's damage claims for physical injuries/emotional distress or loss of income is the appropriate sanction, and the implication that he prefers that sanction rather than being further required to comply with the discovery order, the Court also concludes that the sanction of partial dismissal of Plaintiff's damage claims in this case is the appropriate sanction. Accordingly,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendants' Motion for Sanctions Pursuant to Rule 37(b)(2) for Failure to Comply with a Discovery Order (#57) be **granted** and that Plaintiff's damage claims for physical injuries, emotional distress and loss of income be dismissed. Imposition of these sanctions will not affect Plaintiff's claim for injunctive relief, including his request for reinstatement of employment, if appropriate. In view of Plaintiff's stipulation, the Court does not impose or recommend imposition of other sanctions.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 19th day of August, 2008.

_____
GEORGE FOLEY, JR
United States Magistrate Judge