OFFICE OF THE GENERAL COUNSEL
CLARK COUNTY SCHOOL DISTRICT
S. SCOTT GREENBERG, ESQ.
Nevada Bar No. 4622
5100 West Sahara Avenue
Las Vegas, Nevada 89146
Phone: (702) 799-5373
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RONALD TURNER,<br><br>                    Plaintiff,<br>v.<br><br>CLARK COUNTY SCHOOL DISTRICT,<br>ROGER GONZALEZ and LORI LAWSON<br><br>                    Defendants. | CASE NO.:<br>2:07-CV-00101-JCM-GWF<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION FOR SUMMARY JUDGMENT** |

On March 6, 2009, Defendants' Motion for Summary Judgment (Docket No. 69) filed November 13, 2008, came before the Court for oral argument. The motion was fully briefed as Plaintiff's opposition (Docket No. 75) was filed January 13, 2009, and Defendants' reply (Docket No. 76) was filed January 27, 2009. Having considered the parties' briefs in support of and in opposition to summary judgment, and the arguments of counsel, S. Scott Greenberg, Esq. on behalf of Defendants and Richard Segerblom, Esq. on behalf of Plaintiff, the Court grants the motion and dismisses the case for the reasons discussed below.

Federal Rule of Civil Procedure 56 provides, in part, that summary judgment is to be granted:

> . . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c). The burden of demonstrating the absence of a genuine issue of material fact lies with the moving party, <u>Zoslaw v. MCA Distr. Corp.</u>, 693 F.2d 870, 883 (9th Cir. 1982), and for this purpose, the material lodged by the moving party must be viewed in the light most favorable to the nonmoving party. <u>Baker v. Centennial Ins. Co.</u>, 970 F.2d 660, 662 (9th Cir. 1992). A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. <u>S.E.C. v. Seaboard Corp.</u>, 677 F.2d 130, 1306 (9th Cir. 1982).

Plaintiff was a teacher employed by the Clark County School District working at Canyon Springs High School in January 2005. Defendant Roger Gonzalez was the principal of Canyon Springs and Defendant Lori Lawson was an assistant principal. Plaintiff's sole claim for relief asserts Defendants violated Section 1983 by disciplining him in retaliation for exercising his First Amendment rights. Plaintiff asserts he engaged in protected conduct under the First Amendment when he spoke to news media on January 18, 2005, and that subsequent discipline he received was motivated by his January 18th protected conduct.

The background to Plaintiff's claim is that Plaintiff had been preparing a school play to be part of activities for Black History Month at Canyon Springs. Issues arose over the play's script and the school administration requested Plaintiff make certain revisions to the play. Plaintiff does not claim his conduct related to producing the play was protected by the First Amendment.

When Plaintiff arrived at Canyon Springs for work on January 18th, he encountered a large group of people, including students and

parents, outside the school building and was informed the group planned to protest how the school was handling the Black History play. Plaintiff went into the school to check in at the office, and after going to his classroom for a short time, Plaintiff returned outside where the large group was gathered. Plaintiff does not dispute that his actions occurred during his contracted work day. The group of protesters swelled to between 70-100 people. Plaintiff led the group in a march around the outside of the school during which the group, including Plaintiff, chanted "No Justice, No Peace." Plaintiff made various other statements to the group including calling Principal Gonzalez a "liar." A news crew arrived and Plaintiff made a statement to the news crew with the group of protesters around him. School administrators were attempting to control the incident and to have students return to their classes. In addition to Canyon Springs staff, administrators from other schools and the region office came to the school to assist in gaining control of the situation. It was into the school's second class period by the time administrators were able to get all the students to return to their classes.

Following the protest, a meeting was held with Plaintiff and he was asked about the events leading up to the protest and the actual protest. Plaintiff refused to answer a number of questions including what he said to the news crew. Plaintiff was subsequently issued an admonition and recommendation for five (5) day suspension. The discipline covered certain conduct by Plaintiff before the January 18th protest, his involvement in the protest and certain conduct of Plaintiff occurring after January 18th. Plaintiff submitted a letter of resignation in January 2006,

- 3 -

after having accepted a job in Houston, Texas.

The Court finds there are no disputed issues of material fact for trial and that summary judgment is proper. For the claim as against the Clark County School District, Plaintiff does not deny that Monell v. Dept. of Social Services, 436 U.S. 658 (1978) sets the standard for municipal liability in Section 1983 claims. Plaintiff does not identify an unconstitutional policy or custom to support his claim. Plaintiff also does not identify any specific person nor argue how a specific person would qualify as a final policymaker under the applicable case law. Plaintiff asserts the District may be retained as a defendant for prospective injunctive relief, specifically an order of reinstatement, without meeting the Monell standard. However, Plaintiff was not discharged but resigned his employment with the District. Therefore, reinstatement would not be a viable remedy even if Plaintiff's claim could proceed. Given that Plaintiff has failed to offer admissible evidence to support a municipal liability theory under Monell and reinstatement is not a possible remedy, summary judgment is proper as to the Clark County School District.

As for Defendants Gonzalez and Lawson who are sued in their individual capacity, Plaintiff is required to produce admissible evidence for each element of his Section 1983 claim. Plaintiff must show (1) that he engaged in protected speech; (2) that an "adverse employment action" was taken against him; and (3) that his speech was a "substantial or motivating" factor for the adverse employment action. Brewster v. Board of Education of Education, 149 F.3d 971, 978 (9th Cir. 1998). To be protected speech, it must "substantially address" a matter of public concern. Id.

Additionally, the speech must not violate the delicate balancing test between the employee's right to speak on matters of public concern and the public employer's right in "promoting efficiency of the public services it performs through its employees." Id. at 979 (quoting Pickering v. Board of Educ, 391 U.S. 563, 568 (1968)).

The Court finds that Plaintiff's speech was made during his contracted work time and made while performing work duties. For this reason, the Court concludes Plaintiff's speech falls under Garcetti v. Ceballos, 547 U.S. 410 (2006), as speech of a public employee as opposed to as a private citizen and therefore not protected. Additionally, the Court finds the Pickering balancing test weighs heavily in favor of defendants as Plaintiff's conduct clearly impaired the efficient operations of Canyon Springs High School. Therefore, Plaintiff does not meet the first required element of having engaged in protected speech.

Furthermore, even if Plaintiff met the protected speech element, Plaintiff has failed to produce any admissible facts that either individual defendant was aware of his actual statements to the news media. While Plaintiff asserts the defendants were aware he spoke to the media, that is not sufficient to establish they were aware that he engaged in protected speech. Without evidence that Defendants Gonzalez or Lawson were aware of his actual statements, Plaintiff cannot meet the third required element that his speech was a substantial or motivating factor in the decision to discipline him.

Finally, the Court finds that Defendants Gonzalez and Lawson are entitled to qualified immunity. Plaintiff does not dispute that the protest on January 18th disrupted operations of Canyon

Springs High School. The Ninth Circuit has held:

> Because *Pickering*'s analysis as to whether a public employee's expression is constitutionally protected requires a fact-intensive, context-specific balancing of competing interests, 'the law regarding such claims will rarely, if ever, be sufficiently 'clearly established' to preclude qualified immunity under *Harlow* and its progeny.'

Lytle v. Wondrash, 182 F.3d 1083, 1088 (9th Cir. 1999) (citing Moran v. State of Washington, 147 F.3d 839, 847 (9th Cir. 1998)). "[W]hen close working relationships are essential to fulfilling public responsibilities, a wide degree of deference to the employer's judgment is appropriate." Id. To decide if qualified immunity is proper, a court must determine "whether the outcome of the *Pickering* balancing so clearly favored [plaintiff] that it would have been patently unreasonable for [defendants] to conclude that their actions were lawful." Id. Given it is undisputed that an actual disruption of the school operations occurred on January 18th, Defendants Gonzalez and Lawson are entitled to qualified immunity.

Therefore, Plaintiff's lawsuit is dismissed and judgment is to be entered in favor of Defendants.

Date: March 19, 2009

U.S. District Judge James C. Mahan

Submitted by:
CLARK COUNTY SCHOOL DISTRICT
OFFICE OF THE GENERAL COUNSEL

By:       /s/
    S. SCOTT GREENBERG
    Nevada Bar No. 4622
    5100 W. Sahara Ave.
    Las Vegas, NV 89146
    Attorney for Defendants

- 6 -